Harris, J.,
delivered the opinion of the Court.
This suit was commenced before a justice of the peace by warrant, to recover the sum of $61.25, on an account in favor of plaintiff’s intestate against the defendant. The justice rendered judgment in favor of the plaintiff, and the defendant removed the cause into the Circuit Court by certiorari. On the trial in the Circuit Court it was admitted that the services as charged in the account were rendered, the last item of which was charged on the 5th September, 1852.
The defendant then read to the jury the following note under seal, to-wit: “$103.22. One day after date, I promise to *pay Wiatt Robertson, or order, one hundred and three dollars and twenty-two cents, for value received, this March 15th, 1853.
•“D. M. McLeary. [Seal.]”
This note was admitted to have been executed by *508 plaintiff’s intestate. The Court charged the jury that the making of the note was not prima facie evidence of a settlement or payment of said account. To this chai’ge an exception was taken by defendant on the trial. The jury deducted the amount of the account from the note, and judgment was rendered in favor of the defendant for the balance, under our statute of set-off. The defendant moved for a new trial, which was refused, and he has appealed to this Court.
It is now insisted that the charge of the Court is erroneous, and that the judgment should be reversed. And so we think. We regard it as a well settled principle that the execution of a note under seal, is prima facie evidence of the settlement of all pre-ex-isting accounts between the parties, and that it throws the onus of proof on the party who claims otherwise.
The judgment will be reversed, and the cause remanded for a new trial.